UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDRA C. SAMUELIAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>U.S. TREASURY, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-995-JAM-EFB PS<br><br><br>ORDER |

On July 31, 2019, the court issued an order which, among other things, set a status (pretrial scheduling) conference for January 9, 2019, directed plaintiff to complete service of process within 90 days, to serve a copy of the order concurrently with service of process, and directed the parties to file status reports within fourteen days of the scheduling conference. ECF No. 7.

Plaintiff did not timely file a status report, nor did she file proofs of service demonstrating that defendants were properly served.[1] *See* Fed. R. Civ. P. 4(l) (requiring that proof of service be made to the court). Accordingly, the scheduling conference was continued to March 20, 2019, and plaintiff was directed to show cause why this action and/or any unserved defendants should not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m)

---

[1] To date, none of the defendants have appeared in this action.

1

and/or failure to comply with court orders. ECF No. 35. Plaintiff was also ordered to file, by no later than March 6, 2019, a status report setting forth the matters referenced in the court's July 31, 2018 order, including the status of service of process. *Id*. at 2. Plaintiff was cautioned that failure to comply with the order would result in a recommendation that this action be dismissed. *Id*.

In response, plaintiff filed a document stating, "I accept status conference hearing" on March 20, 2019. ECF No. 37. Plaintiff has also filed several documents that are unrelated to the question of whether she has completed service of process. Those filings include tax related documents which she presumably believes are relevant to her claim(s), as well as several civil cover sheets indicating that this action concerns an alleged violation of her civil rights. ECF Nos. 36, 38-41. But plaintiff still has not demonstrated that defendants were properly served, nor has she shown cause for why this action should not be dismissed for failure to timely effect service of process. Accordingly, it appears that plaintiff has not yet served the defendants.

Given plaintiff's pro se status, the court will afford her one final opportunity to complete service of process and file the requisite proofs of service with the court. Plaintiff is again admonished that she must serve the United States Department of the Treasury in the manner prescribed by Federal Rule of Civil Procedure 4(i), and the remaining defendants in the manner set forth in Rule 4(j).

Accordingly, it is hereby ORDERED that:

1. The scheduling conference currently set for March 20, 2019, is continued to May 22, 2019, at 10:00 a.m. in Courtroom No. 8.

2. By no later than April 19, 2019, plaintiff shall serve defendants with a copy of the summons, complaint, and the court's July 31, 2018 order (ECF No. 7), and file with the court proofs of service demonstrating that defendants were properly served.

3. By no later than May 8, 2019, the parties shall file status reports (or a joint status report) setting forth the matters referenced in the court's July 31, 2018 order, including the status of service of process.

/////

/////

1. 4. Failure of plaintiff to comply with this order will result in a recommendation that this action be dismissed for failure to effect services of process, comply with court orders, and/or for lack of prosecution under Rule 41(b).

DATED: March 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE