1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SANDRA C. SAMUELIAN,                    No.  2:18-cv-995-JAM-EFB PS

12              Plaintiff,

13        v.                                 ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14   U.S. TREASURY, et al.,

15              Defendants.

16

17        A status (pretrial scheduling) conference was previously set for January 9, 2019.  The

18   order setting that conference directed plaintiff to complete service of process on all defendants

19   within 90 days, and to serve a copy of the order concurrently with service of the summons and

20   complaint.  The order also directed the parties to file status reports fourteen days prior to the

21   scheduling conference.  ECF No. 7.

22        Plaintiff did not timely file a status report, nor did she file proofs of service demonstrating

23   that defendants were properly served.[1]  *See* Fed. R. Civ. P. 4(l) (requiring that proof of service be

24   made to the court).  Accordingly, the scheduling conference was continued to March 20, 2019,

25   and plaintiff was directed to show cause why this action and/or any unserved defendants should

26   not be dismissed for failure to effect service of process within the time prescribed by Rule 4(m)

27

28        [1]  To date, none of the defendants have appeared in this action.

                                        1

and/or failure to comply with court orders. ECF No. 35. Plaintiff was also ordered to file, by no later than March 6, 2019, a status report setting forth the matters referenced in the court's July 31, 2018 order, including the status of service of process. *Id*. at 2. She was cautioned that failure to comply with the order would result in a recommendation that this action be dismissed. *Id*.

In response, plaintiff filed a document stating, "I accept status conference hearing" on March 20, 2019. ECF No. 37. But plaintiff did not demonstrate that defendants were properly served, nor did she show cause why this action should not be dismissed for failure to timely effect service of process. Given plaintiff's pro se status, the court declined to recommend dismissal of this action and instead afforded plaintiff a final opportunity to complete service of process and file the requisite proofs of service with the court. Thus, the scheduling conference was continued to May 22, 2019, and plaintiff was directed to complete service of process on all defendants and to file proofs of service by April 19, 2019. The court further ordered that the parties file status reports fourteen days prior to the scheduling conference. ECF No. 42. Plaintiff was again admonished that failure to comply with the court's order would result in a recommendation that this action be dismissed.

In response, plaintiff filed seven different documents, none of which demonstrate that service of process has been completed. ECF No. 43-49. One document states that plaintiff "will accept show cause hearing" on May 22, 2019 (ECF No. 43), while another confirms plaintiff's intent to appear on that date (ECF No. 44). The remaining filings include banking records, a check, two civil cover sheets, and what appears to be a request to settle this action. ECF No. 45-49.

It appears from the docket that plaintiff has still not served defendants despite ample time to do so. Nor has plaintiff shown good cause for the failure to complete service of process despite the opportunity to do so. Plaintiff has also been warned as to the consequences of those failures. Accordingly, dismissal for failure to timely effect service of process is appropriate. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

1    Accordingly, it is hereby ORDERED that the May 22, 2019 scheduling conference is
2  vacated.

3    Further, it is RECOMMENDED that this action be dismissed without prejudice for failure
4  to complete service of process and the Clerk be directed to close the case.

5    These findings and recommendations are submitted to the United States District Judge
6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
7  after being served with these findings and recommendations, any party may file written
8  objections with the court and serve a copy on all parties.  Such a document should be captioned
9  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
10 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*
11 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
12 DATED:  May 15, 2019.

14                    EDMUND F. BRENNAN
15                    UNITED STATES MAGISTRATE JUDGE